**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GEORGE PAPPAFOTIS and
REBECCA PAPPAFOTIS,

    Plaintiffs,

vs.                                  Case No. 3:17-cv-728-J-34JRK

REV RECREATION GROUP, INC. f/k/a
ALLIED RECREATION GROUP, INC.,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On June 26, 2017, Defendant REV Recreation Group, Inc., f/k/a Allied Recreation Group, Inc. (REV) filed Defendant's Notice of Removal (Doc. 1; Notice) removing this case from the Fourth Judicial Circuit Court in and for Duval County, Florida. See Notice at 1. In

the Notice, REV asserts that this Court has jurisdiction over the instant action because Plaintiffs George and Rebecca Pappafotis assert a claim under the Magnuson Moss Warranty Act, 15 U.S.C. § 2301 et. seq. (MMWA) and the amount in controversy exceeds $50,000. See Notice at 1-2; see also 15 U.S.C. § 2310(d)(3)(B). However, REV has failed to allege sufficient facts to plausibly demonstrate that the amount in controversy exceeds $50,000.[1]  See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., 135 S. Ct. at 554. If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should

---

[1] REV also asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Notice at 2. However, because REV has failed to allege adequate facts plausibly demonstrating that the amount in controversy exceeds the $50,000 jurisdictional threshold of the MMWA, REV has likewise failed to meet the $75,000 jurisdictional threshold of the diversity statute.

2

make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id. at 754 (emphasis added).[2]

This matter arises out of George and Rebecca Pappafotis' purchase of an allegedly defective motor home warranted by REV. See Complaint and Jury Demand (Doc. 2; Complaint) at 1-11. In the Complaint, the Pappafotises assert a single claim for breach of an express warranty in violation of the MMWA. See Complaint at 11-12. As relief, the Pappafotises seek "the difference in value of the vehicle as promised and as actually delivered," "special circumstantial damages," "actual incidental and consequential damages," as well as "costs, interest and actual attorneys' fees." See id. at 12. However, the Complaint includes no information as to the amounts of damages actually sustained in these various categories beyond an allegation that the amount in controversy exceeds "fifteen thousand dollars ($15,000.00), exclusive of interest and costs." See id. at 1. In support of removal, REV maintains that the amount in controversy is satisfied because the Pappafotises are seeking "damages, a refund, and other relief allegedly arising out of their

---

[2] The Court notes that Dart, Dudley and Pretka, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

3

$ 202,092.94 purchase, use and ownership of a 2015 Fleetwood Southwind motor home." See Notice ¶¶ 1, 6.

However, upon review, the Court finds that REV's reliance on the purchase price of the allegedly defective motor home alone does not adequately demonstrate that the jurisdictional threshold is met in this case. For breach of warranty claims under the MMWA, courts turn to state law to determine the proper measure of damages. See Boyd v. Homes of Legend, Inc., 188 F.3d 1294, 1298 (11th Cir. 1999). Florida law provides that:

> [t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

See Fla. Stat. § 672.714(2). As such, the amount in controversy is not the purchase price of the motor home, but the difference between the purchase price of the motor home and the value of the allegedly defective motor home on the date of purchase. See Burns v. Winnebago Ind., Inc., No. 8:10-cv-1441-T-24MAP, 2010 WL 3190233, at *2 (M.D. Fla. Aug. 11, 2010) (". . . since the proper measurement of Plaintiff's damages for breach of warranty is the diminished value of the RV on the date of sale due to its defective condition, the Court cannot use the purchase price of the RV as the sole basis for finding that the jurisdictional threshold has been met."); see also Bentley v. Volkswagen Grp. of Am., Inc., No. 6:13-cv-1266-Orl-37KRS, 2013 WL 5927974, at *1 (M.D. Fla. Nov. 5, 2013) ("[T]he proper measure of damages is the purchase price of a non-defective car less the value of the defective car when it was purchased."); Anderson v. Lotus Cars USA, Inc., No. 8:06-cv-1944-T-17-TBM, 2007 WL 1229105, at *2 (M.D. Fla. Apr. 26, 2007). Thus, in the absence of any information regarding the value of the allegedly defective motor home, the Court is unable to determine whether the amount in controversy requirement is satisfied

here. "[W]ithout facts or specific allegations, the amount controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." Pretka, 608 F.3d at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). As such, REV has failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action.[3] In light of the foregoing, it is

**ORDERED**:

Defendant REV Recreation Group, Inc., f/k/a Allied Recreation Group, Inc. shall have up to and including **July 13, 2017**, to file an amended notice of removal demonstrating that this Court has subject matter jurisdiction over this case.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of June, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[3] When a case is removed from state to federal court, the removing party has the burden of establishing that federal jurisdiction exists. See Williams, 269 F.3d at 1319.